**Christopher A. BLAKE; Linda B. Blake, Plaintiffs-Appellants,**

v.

**U.S. BANK NA, as Trustee for the Stanwich Mortgage Loan Trust Series 2012-3; et al., Defendants-Appellees.**

No. 14-35061

United States Court of Appeals, Ninth Circuit.

Submitted December 14, 2016 *

Filed December 22, 2016

Christopher A. Blake, Pro Se

Linda B. Blake, Pro Se

Adam G. Hughes, Attorney, Anglin Flewelling Rasmussen Campbell & Trytten LLP, Seattle, WA, Renee M. Parker, Attorney, Wright, Finlay & Zak, LLP, Newport Beach, CA, for Defendants-Appellees

Before: WALLACE, LEAVY, and FISHER, Circuit Judges.

MEMORANDUM **

Christopher A. Blake and Linda B. Blake appeal pro se from the district court's summary judgment in their diversity action arising from foreclosure proceedings. We have jurisdiction under 28 U.S.C. § 1291. We review de novo, *Kaplan v. City of N. Las Vegas*, 323 F.3d 1226, 1229 (9th Cir. 2003), and we affirm.

The district court properly granted summary judgment because the Blakes failed to raise a genuine dispute of material fact as to whether Carrington Mortgage Services, LLC was the holder of their promissory note and therefore entitled to initiate nonjudicial foreclosure proceedings. *See Brown v. Wash. State Dep't of Commerce*, 184 Wash.2d 509, 359 P.3d 771, 778–80, 787 (2015) (explaining that Washington law permits separation of note ownership from enforcement and holding that a loan servicer who held an endorsed note was the beneficiary with legal authority to enforce the obligation and foreclose); *see also* Wash. Rev. Code § 61.24.030 (7)(a) (a "declaration by the beneficiary made under the penalty of perjury stating that the beneficiary is the actual holder of the promissory note" is "sufficient proof that the beneficiary is the owner of any promissory note ... secured by the deed of trust"). Moreover, the Blakes lack standing to challenge the validity of the assignment of their promissory note into a securitized trust. *See Deutsche Bank Nat'l Trust Co. v. Slotke*, 192 Wash.App. 166, 367 P.3d 600, 606 (2016).

The district court did not abuse its discretion in denying the Blakes' motions to compel discovery because their first motion failed to comply with procedural rules and the district court reasonably directed the parties to file a joint discovery plan in response to their second motion. *See Hallett v. Morgan*, 296 F.3d 732, 751 (9th Cir. 2002) (setting forth standard of review and describing court's broad discretion to permit or deny discovery).

**AFFIRMED.**

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.